# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

MIKHAILA LENOIR                                                         PLAINTIFF

VS.                                                CAUSE NO.: _____

SHELBY COUNTY HEALTH CARE CORPORATION
D/B/A REGIONAL ONE HEALTH,
JOHN/JANE DOE EMPLOYEES 1-50,
JOHN/JANE DOE MEDICAL PROFESSIONALS 1-50, AND
JOHN/JANE DOE CORPORATIONS 1-50                    DEFENDANTS

## COMPLAINT

### *JURY TRIAL REQUESTED*

**COMES NOW**, the Plaintiff, MIKHAILA LENOIR, by and through her attorney of record, and files this Complaint against the Defendants SHELBY COUNTY HEALTH CARE CORPORATION D/B/A REGIONAL ONE HEALTH, JOHN/JANE DOE EMPLOYEES 1-50, JOHN/JANE DOE MEDICAL PROFESSIONALS 1-50, AND JOHN/JANE DOE CORPORATIONS 1-50, and would show unto the Court as follows:

## PARTIES

1.

That Plaintiff, Mikhaila Lenoir (hereinafter referred to as "Plaintiff" or "Plaintiff Lenoir"), is an adult resident citizen of Monroe County, Mississippi, whose address is 709 West Vine Street, Aberdeen, MS 39730.

2.

At all times relevant herein, Defendant, Shelby County Health Care Corporation d/b/a Regional One Health, is a for-profit company, organized and existing under the laws of the State of Tennessee, with its principal place of business in Memphis, Shelby

1

County, Tennessee. Defendants, at all times relevant herein, were conducting and doing business in Memphis, Tennessee, where patients were received and treated at Regional One. That the Defendants can be served with process of this Court by service of process upon its registered agent, Imad Abdullah, at his address of 877 Jefferson Avenue Memphis, TN 38103-2807.

3.

The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants, John/Jane Doe Employees 1-50, John/Jane Doe Medical Professionals 1-50 inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated herein as John/Jane Doe Employees 1-50, John/Jane Doe Medical Professionals 1-50 and John/Jane Doe Corporations 1-50, inclusive, is negligently responsible and strictly liable in some manner for the events and happenings referred to, and caused injury and damages proximately thereby to the Plaintiff as herein alleged.

## JURISDICTION AND VENUE

4.

The Court has jurisdiction of the parties and of the subject matter of this suit.

## REQUEST FOR TRIAL BY JURY

5.

Trial by Jury is respectfully sought and requested by Plaintiff.

# FACTS

### 6.

Plaintiff Lenoir is a quadriplegic due to an automobile accident which occurred on October 8, 2021. Plaintiff received treatment from Regional One Health for the injuries she received from October 8, 2021 until January 21, 2022.

### 7.

During the time Plaintiff Lenoir was a patient at Regional One Health, she was bedridden, unable to turn, move or shift in the bed. Plaintiff Lenoir was also heavily medicated during her stay at Regional One Health. The nurses, nurses' assistants and other employees failed to properly turn Plaintiff in the bed which resulted in multiple pressure sores/decubitus ulcers which were discovered by Plaintiff's family on or about November 15, 2021. The nurses, nurses' assistants, and other employees of Regional One Health, failed to properly clean, treat, and/or care for Plaintiff's bed/pressure sores causing the sores to increase in size, depth and severity. This neglect continued to occur, on a regular basis, until Plaintiff's discharge on January 21, 2022.

### 8.

Further, Plaintiff Lenoir was placed in a chair, unrestrained, and left unattended by the nurses, nurses' assistants, and other employees of Regional One Health. She fell from the chair onto the floor and stayed there for a substantial time period until finally discovered.

### 9.

Plaintiff suffers from incontinence as a result of her injuries and must wear adult diapers. The nurses, nurses' assistants, and other employees of Regional One Health

failed to regularly change Plaintiff. As a result, Plaintiff Lenoir had to lay in urine and feces for extended time periods until she was finally changed. This neglect occurred on a regular basis until Plaintiff's discharge on January 21, 2022.

10.

As a result of her paralysis, Plaintiff Lenoir could not use a normal call button, but rather had to use a call device activated by her mouth. The nurses, nurses' assistants, and other employees of Regional One Health—on numerous occasions—would fail to ensure that the device was in place, or intentionally move the call device, so that Plaintiff could not utilize her call button. As a result, she could not contact the nurses if she needed changing, was thirsty or hungry, or if she was having an emergency. This neglect occurred on a regular basis until Plaintiff's discharge on January 21, 2022.

11.

Plaintiff had difficulty breathing as a result of injuries and required a breathing tube. The nurses, nurses' assistants, and other employees of Regional One Health informed Plaintiff that her breathing tube would be replaced with a smaller breathing tube. Plaintiff specifically told them she did not consent to the treatment and did not want it done because she was having breathing difficulties. The nurses, nurses' assistants, and other employees of Regional One Health told her they would change her breathing tube with the same size tube, but instead, and without Plaintiff's consent, knowledge, and her specifically stated non-consent, replaced her breathing tube with a smaller tube. As a result of the smaller tube, Plaintiff suffered respiratory distress until the breathing tube was replaced with the proper size.

12.

The nurses, nurses' assistants, and other employees of Regional One Health severely limited Plaintiff's family from visiting, contrary to the visitation rules in place, thereby increasing Plaintiff's distress, fear of isolation, and fear of other mistreatment.

13.

Defendants, all of them, were negligent and breached the applicable standards of care, thereby committing medical malpractice, by failing to properly turn Plaintiff in her bed, failing to restrain and attend to Plaintiff while sitting in a chair, failing to change Plaintiff Lenoir's diaper in a reasonable amount of time, failing to properly clean and treat Plaintiff's bed/pressure sores, failing to place Plaintiff's call device, performing medical procedures on Plaintiff without her informed consent and in blatant disregard for her clearly expressed non-consent, and by severely limiting Plaintiff's family visitation.

14.

As a direct and proximate result of the Defendants' multiple breaches of the applicable standards of care, Plaintiff Lenoir suffered bed/pressure sores that increased in size, depth and severity. Plaintiff Lenoir also suffered bruises and contusions from her fall from the chair, as well as respiratory distress, mental distress, physical distress, fear of isolation, and fear of other mistreatment.

15.

As a direct and proximate result of Defendants' multiple breaches of the applicable standards of care, Plaintiff suffered the following injuries and damages:

a) mental anguish;

b) emotional distress;

c) pain and suffering;

d) additional medical expenses and costs;

e) delay and/or inability/loss opportunity to participate in rehabilitation treatment/therapy which detrimentally effected Plaintiff's recovery from her injuries suffered in the automobile collision.

16.

The above-mentioned acts of intentional violations of the applicable standards of care on the part of the Defendants, all of them, were willful, wanton, malicious or, at the very least, grossly negligent, thereby warranting and justifying an award of punitive damages pursuant to Section 29-39-104 of the Tennessee Code, in the maximum sum permitted under part (5) of that Statute.

17.

Defendants, all of them, were negligent and breached the applicable standards of care committing medical malpractice by failing to properly turn Plaintiff in her bed, failing to restrain and attend to Plaintiff while sitting in a chair, failing to change Plaintiff Lenoir's diaper in a reasonable amount of time, failing to properly clean and treat Plaintiff's bed/pressure sores, failing to place Plaintiff's call device, performing medical procedures on Plaintiff without her informed consent and in blatant disregard for her clearly expressed non-consent, and by severely limiting Plaintiff's family visitation for Plaintiff Lenoir.

18.

Notice pursuant to Tennessee Code Section 29-26-121(a) has been provided to Defendant and this Complaint has attached to it an attorney certificate demonstrating that counsel has complied with the requirements of Tennessee Code Section 29-26-122.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants in an amount to be determined by a jury in actual damages and punitive damages as allowed in Section 29-39-104 of the Tennessee Code. Plaintiff also demands judgment for all costs and reasonable attorney's fees incurred in prosecuting this action and for such other and further relief at law and in equity as the Plaintiff may show herself entitled.

Plaintiff demands a trial by jury.

Plaintiff prays for general relief.

**RESPECTFULLY SUBMITTED**, on this the ___15___ day of March, 2023.

**MIKHAILA LENOIR, PLAINTIFF**

BY: _____
GREGORY W. HARBISON
MSB#10198

OF COUNSEL:
HARBISON LAW OFFICE, PLLC
*MAILING ADDRESS:*
P. O. BOX 7360
TUPELO, MS 38802
*PHYSICAL ADDRESS:*
204 WEST MAIN STREET
TUPELO, MS 38804
(662) 840-7111
(662) 840-7883 FACSIMILE
gregharbison@harblaw.com

## CERTIFICATE OF CONSULTATION

Pursuant to Tenn. Code Section 29-26-122(a), I do hereby certify that I have consulted with one or more experts, who have provided a written statement and, who are qualified pursuant to TCA §29-26-115 to express an opinion or opinions in this case. Said expert(s) state that based upon the information available from the medical records and information from the plaintiff and others with knowledge concerning the care and treatment of the plaintiff for the incidents at issue, that there is a good faith basis to maintain the action.

GREGORY W. HARBISON