# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **MIKHAILA LENOIR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-02138-JTF-cgc |
| ) | |
| **SHELBY COUNTY HEALTHCARE** ) | |
| **CORPORATION D/B/A REGIONAL** ) | |
| **ONE HEALTH, JOHN/JANE DOE** ) | |
| **EMPLOYEES 1-50, JOHNN/JANE DOE** ) | |
| **MEDICAL PROFESSIONALS 1-50, AND** ) | |
| **JOHN/JANE DOECORPORATIONS 1-50,** ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE; ORDER TO SHOW CAUSE

Before the Court is Defendant Shelby County Health Care Corporation's Motion to Exclude the Opinions of Plaintiff's Medical Expert Witness Richisa Salazar, M.D, filed on August 6, 2024. (ECF No. 31.) Plaintiff Mikhaila Lenoir responded on September 5, 2024, and Defendant replied on September 25, 2024. (ECF Nos. 36 & 39.) For the reasons set forth below, the Motion is **GRANTED**.

Plaintiff brought this action on March 15, 2023. (ECF No. 1.) She alleges that Defendant and its healthcare employees committed medical malpractice and breached the applicable standards of care by:

> "failing to properly turn Plaintiff in her bed, failing to restrain and attend to plaintiff while sitting in a chair, failing to properly clean and treat Plaintiff's bed/pressure sores, failing to place Plaintiff's call device, performing medical procedures on Plaintiff without her informed consent and in blatant disregard for her clearly expressed non-consent, and by severely limiting Plaintiff's family visitation."

1

(ECF No. 1, 5.) Plaintiff designated that Dr. Salazar was her expert witness responsible for establishing the relevant standard of care. (ECF No. 31-1, 2.) Dr. Salazar's Curriculum Vitae reflects that she practices medicine in several cities in Mississippi and Georgia. (ECF No. 31-2, 15.) She is a Board-certified emergency medicine physician. (ECF No. 31-3, 40.)

## I. LEGAL STANDARD

"Rule 702 requires a district court to determine whether a proffered expert's testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Id.* (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). After concluding that the witness is qualified to testify as an expert, a district court must evaluate whether the witness will offer an opinion that will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

This is a medical malpractice case that arises under Tennessee state law. For these cases, the Tennessee Healthcare Liability Act imposes a "locality rule." *Shipley v. Williams*, 350 S.W.3d 527 (Tenn. 2011) (citing Tenn. Code. Ann. § 29-26-115(a)(1)). That rule requires a plaintiff to prove the "recognized standard of acceptable professional practice . . . in the community in which the defendant practices or in a similar community" as part of her affirmative case. § 29-26-115(a)(1). A defendant is liable if it breaches this local standard of care and proximately causes a plaintiff's injury. § 29-26-115(a)(2), (3). "Generally, a plaintiff must provide expert testimony to establish the community standard of care." *Gales on behalf of Ranson v. Allenbrooke Nursing & Rehab. Ctr., LLC*, 91 F.4th 433, 435 (6th Cir. 2024) (citing *Shipley*, 350 S.W.3d at 538).

In *Allenbrooke Nursing and Rehabilitation Center*, the Sixth Circuit considered the interaction between Tennessee's locality rule and Rule 702 in medical malpractice cases. 91 F.4th 433. They concluded that the two rules "work[] in tandem"; a qualified expert witness will "help the trier of fact"

2

under Rule 702 if her "testimony will help the fact finder understand and evaluate the local standard of care and how it applies to the facts of a medical malpractice action." *Id.* at 436 (citations omitted).

## II.     ANALYSIS

Defendant argues that Dr. Salazar's testimony should be excluded because she (1) is not licensed in a profession or specialty that would make her testimony relevant; (2) does not satisfy Tennessee's locality rule; and (3) improperly relies on a national standard of care. (ECF No. 31-1, 1.) The Court finds that Dr. Salazar is licensed in a profession or specialty that make her testimony relevant, but that she does not satisfy Tennessee's locality rule. Because she does not satisfy the locality rule, the Court need not consider whether she improperly relied on a national standard of care.

### A. Whether Dr. Salazar is Licensed in a Profession or Specialty that Would Make Her Testimony Relevant

Defendant contends that Dr. Salazar's license in emergency medicine does not amount to a license in a practice or specialty that makes her testimony relevant. (*Id.* at 2 (citing *Shipley*, 350 S.W.3d at 550).) Apparently, the issue is that Dr. Salazar is not a "wound care specialist." (*See id.* at 6.) Defendant insists that Dr. Salazar's experience in the emergency room is irrelevant because the complaint's allegations pertain to events that occurred while Plaintiff was under continuous care. (*Id.* at 5.) As they see it, "the issue in this case is the prevention, development and appropriate treatment of pressure injuries." (*Id.* at 7.)

Plaintiff responds that Dr. Salazar's testimony pertains to the actions and inactions of Defendant's nurses and employees, and their failure to follow the relevant protocols to prevent and treat Plaintiff's pressure ulcers—her testimony is not being offered to challenge a wound care specialist's specialization-specific protocols. (ECF No. 36-1, 5.) To that end, Plaintiffs point out that Dr. Salazar testified that she deals with pressure ulcers on a regular basis. (*Id.* & ECF No. 31-3, 21-39.) They also note that she received

3

training in Geriatrics in Tennessee, which deals with the preventative measures and treatments of pressure ulcers in the elderly and bedbound. (ECF No. 36-1, 5.)

The Court finds that Dr. Salazar is licensed in a profession or specialty that would make her testimony relevant. The Tennessee Supreme Court has made clear that Tenn. Code. Ann. § 29-26-115 does not require that an expert witness practice the same specialty as the defendant. *See Shipley*, 350 S.W.3d at 566-67 (collecting cases). Instead, courts must "look carefully at the particular issues presented in the case to determine if an expert practices a profession or specialty that would make the expert's testimony relevant to those issues." *Id.* at 556. Upon review of the Complaint and the parties' filings, the Court finds there to be little reason to require that any medical expert witness in this case be licensed as a wound-care specialist; this case turns on whether Defendant's medical personnel failed to follow basic patient-care protocols as opposed to wound care specialist-specific standards. To that end, Dr. Salazar's license in emergency medicine, her training in Geriatrics, and her experience with pressure ulcers all demonstrate that she is licensed to practice in a profession or specialty that makes her testimony relevant.

**B.  Whether Dr. Salazar Satisfies the Locality Rule**

"In evaluating an expert, the trial court must ... consider the requirements of the locality rule" set forth in Tennessee Code Annotated § 29-26-115(a). *Jackson v. Thibault*, 2022 WL 14162828, at *4 (Tenn. Ct. App. Oct. 25, 2022). Pursuant to that rule, "[a] medical expert used to establish the recognized standard of acceptable professional practice in the community in which the defendant practices or in a similar community must demonstrate some familiarity with that medical community in order for the expert's testimony to be admissible under the rules of evidence." *West v. United States*, 502 F. Supp. 3d 1243, 1251 (M.D. Tenn. 2020) (citing *Shipley*, 350 S.W.3d at 554). Notably, "the statute does not define "similar community," nor does it provide any guidance

4

as to how a community is determined to be "similar" to that where the defendant practices." *Shipley*, 350 S.W.3d at 538. That said, case law reveals that there are certain firm requirements. For instance, "the expert must present facts demonstrating how she has knowledge of the applicable standard of professional care either in the community in which the defendant physician practices or in a similar community." *Id.* She cannot simply state that she is familiar with the applicable standard of care. *See id.* Above all else, the caselaw demonstrates that this is a highly fact-specific inquiry.

Defendant contends that Dr. Salazar failed to establish that she is familiar with the Memphis medical community, or that she practices medicine in a medical community similar to Memphis, and she has not testified as to the Memphis medical community's standard of care (ECF No. 31-1, 7.) In support, Defendant points out that Dr. Salazar's deposition reflects that she (1) does not know Memphis's population; (2) does not know Memphis's demographics; (3) does not know Memphis's socioeconomic makeup; (4) does not know how many hospitals are in Memphis; (5) does not know if there are any teaching hospitals in Memphis; (6) has never treated patients in Memphis; (7) has not done any wound care in Memphis; and (8) does not know any information about Regional One Health aside from assumptions she has made from the Plaintiff's medical record. (*Id.* at 10.)

    i.       **Whether Dr. Salazar's Deposition Testimony Satisfies the Locality Rule**

It is given that Dr. Salazar does not practice medicine in Memphis. Defendant argues that the only basis Dr. Salazar gave for her conclusion that she practiced medicine in a similar community was her statement that she was familiar with the standard of care in Memphis because it seemed very similar to Jackson, Mississippi where she grew up. (ECF No. 31-3, 66-67.) She explained that the "size of [Memphis] seemed very similar." (*Id* at 67.) Even if this were sufficient to prove that the standards of care in Jackson, Mississippi and Memphis, Tennessee are similar, Defendant notes

5

that Dr. Salazar never practiced medicine in Jackson, Mississippi. (ECF No. 31-1, 10.) Based on her inability to establish that she is familiar with Memphis or the applicable standard of care, and her subsequent response that she was applying a "nationwide" standard of care, Defendant concludes that Dr. Salazar improperly relied upon a national standard of care in her testimony. (*Id.* at 11.)

Plaintiff effectively concedes that Dr. Salazar was not familiar with the relevant standard of care in Memphis, or with the Memphis community generally, at the time of her deposition. (ECF No. 36-1, 8.) Specifically, Plaintiff acknowledges that Dr. Salazar did not know the specific population of the Memphis area, its demographic or socioeconomic makeup, or the exact number of hospitals. (*Id.*) That said, Plaintiff insists that Dr. Salazar's testimony reflects that she *did* know that the UT Medical School was in the Memphis area and that Regional One Health was Level 1 trauma center which offered a wide range of specialties. (*Id.*)

A review of the deposition transcript demonstrates that it would be quite charitable to conclude that Dr. Salazar knew either of these facts. When asked whether she was aware if there were any medical schools in Memphis, Dr. Salazar responded "I *believe* that there is a medical school. I *think* it's the University of Tennessee *maybe*." (ECF No 31-3, 67 (emphasis added).) Nowhere in this response did Dr. Salazar affirm that she "knows" that there are medical schools in Memphis. To the contrary, her response reflects that she is uncertain. Moreover, all of Dr. Salazar's purported knowledge regarding Regional One Health appears to have been derived from a string of assumptions she made because the hospital was treating Plaintiff. (*See id.* at 68.) She assumed that Regional One Health "must be a Level 1 trauma center . . . given [Plaintiff's] injury." (*Id.*) Based on her assumption that Regional One Health was a Level 1 Trauma Center, Dr. Salazar went on to assume the specialties it offers, stating that, "given that it's a Level 1 trauma center, I believe there

6

is universal—or it could be Level 2, but there's universal specialties that are required for that capability." (*Id.*) Dr. Salazar drew an assumption based on a previous assumption, and then immediately cautioned that her second assumption might be unfounded since she could be confusing two different trauma center levels.

Dr. Salazar's deposition testimony does not establish that she is familiar with the Memphis medical community or its standard of care.

ii.      **Whether Dr. Salazar Satisfies the Locality Rule with the Addition of her Affidavit**

Plaintiff includes a supplemental affidavit, in seeming acknowledgment of the inadequacy of Dr. Salazar's testimony on this matter. Here, Dr. Salazar's familiarity with the Memphis medical community and its standard of care turns on two facts: (1) that she earned her Master's Degree in Public Health with a concentration in Health services and Doctorate of Medicine from Meharry Medical College in Nashville, and (2) that Memphis is very similar to Atlanta—where she has practiced medicine since 2018—with respect to size, population, medical facilities, and access to medical information. (ECF No. 36-2, 1.) Concerning (1), Dr. Salazar appears to be suggesting that she became familiar with the Memphis standard of care via her "Tennessee medical education." (*Id.* at 2.) She also mentions that she frequently visits her family in Memphis. (*Id.* at 1.)

Defendant argues that Plaintiff's attempt to connect Dr. Salazar's time in medical school in Nashville, Tennessee still fails to satisfy the locality rule because (A) Dr. Salazar was in medical school 13 years before the time that the events in this case took place, and (B) her history in Nashville still does not establish her familiarity with Memphis's medical community. (ECF No. 39, 5.) Defendant also presses on the fact that this affidavit comes after Dr. Salazar's deposition testimony, meaning that even if it were adequate, it would still be the case Dr. Salazar was unfamiliar with the Memphis medical community and the applicable standard of care while

7

testifying about those matters. Defendant contends that Dr. Salazar cannot retroactively satisfy the locality rule. (*Id.*)

The Court is not persuaded that Dr. Salazar satisfies the locality rule even with the additional information from her affidavit. She fails to explain how her Nashville education provided her with any insight into the Memphis medical community and provides a hazy rationale on why she believes that Atlanta's medical community is similar to Memphis's. She also concedes that she was applying a national standard of care when she was testifying. (*Id.* at 2.) Even though she now claims that this national standard of care is also the local standard of care, she has failed to establish that she is familiar with Memphis or a similar community. Her testimony is therefore barred under the locality rule. *See Gales v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. 222CV02220JPMCGC, 2023 WL 3521757, at *6 (W.D. Tenn. May 17, 2023) (cleaned up). Even if the Court were to find that these meager additions were enough to show that Dr. Salazar is familiar with the Memphis medical community and its standard of care, Plaintiff has failed to explain how this post-deposition showing cures the deficiencies with Dr. Salazar's testimony. Dr. Salazar's barebones attempt to meet the locality rule is too little, too late.

Given Plaintiff's concession that Dr. Salazar did not know the specific population of the Memphis area, its demographic or socioeconomic makeup, or the exact number of hospitals and the Court's finding that Dr. Salazar has failed to make a strong enough affirmative showing that she has any familiarity with the Memphis medical community and standard of care, the Court concludes that Dr. Salazar does not satisfy the locality rule. Consistent with this finding, the Court **GRANTS** Defendant's Motion to Exclude.

8

### III.   CONCLUSION

Consistent with the foregoing, the Court **GRANTS** Defendant's Motion to Exclude the Opinions of Plaintiff's Medical Expert Witness Richisa Salazar, M.D. Because the recognized standard of acceptable professional practice in the community must be established "by expert medical testimony[,]" and Plaintiff's expert on this matter has been excluded, the Court is uncertain if this case can proceed. *See Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 553 (Tenn. 2006). Accordingly, the Court **ORDERS** Plaintiff to show cause why judgment should not be entered in Defendant's favor. Plaintiff shall file notice with the Court explaining how she intends to proceed with this action—or indicating that she does not intend to proceed—within 14 days of the date of this Order's entry.

**IT IS SO ORDERED**, this 16th day of December, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE